■ In the Matter of ARNOLD POLEDNAK, Appellant, v JUDITH A. LEVITT, as Personnel Director of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Martin Evans, J.), entered October 25, 1989, which dismissed a CPLR article 78 petition seeking annulment of respondents' determination dated December 15, 1988, disqualifying petitioner from his position as a Traffic Device Maintainer with the Department of Transportation, unanimously affirmed, without costs.

Petitioner, a probationary employee with the Department of Transportation, was disqualified from his position by the Department of Personnel, pursuant to Civil Service Law § 50 (4) and rule 4.3.2 (b) of the Rules of the New York City Personnel Director, on the basis of his character and his attitude towards his prior conviction at the hearing.

While testifying at the hearing before the New York City Civil Service Commission, petitioner refused to divulge the underlying facts and circumstances surrounding his conviction for rape, a crime to which he had pleaded guilty. In fact, petitioner externalized blame for the incident, exhibited no signs of remorse and, on cross-examination, denied ever having committed the crime. For these reasons, Civil Service Commissioner affirmed petitioner's disqualification.

Petitioner's argument that he was disqualified solely on this basis of his ex-offender status in violation of sections 752 and 753 of the Correction Law is refuted by the minutes of the

hearing and the Civil Service Commission's hearing report. Consequently, we find that the IAS court correctly found respondents' determination to be rationally based. Concur— Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.